UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 06-30424-DHW
                                                    Chapter 13
JUNE P. MIMS
JAMES A. MIMS, JR.,

        Debtors.


ORDER DENYING CONFIRMATION AND
CONDITIONALLY DISMISSING CASE

The trustee filed an objection to confirmation of the plan proposed by the debtors. The trustee asserts that the debtors have not met the "best interest of creditors" test set forth in 11 U.S.C. § 1325(a)(4). The objection came on for hearing on July 10, 2006 after which the parties submitted briefs on the issues of law raised by the objection.

Undisputed Facts

The parties stipulate to the following facts. The court recognizes that some of the dollar amounts in this order may be subject to change based on claims filed.

The parties jointly own a home valued at $47,600. There is no mortgage on the home. However, there is a judgment lien on the home of about $3,200 against Mrs. Mims.

In a hypothetical chapter 7 case, a sale of the home would result in a net equity to the husband of $15,635 and $12,435 to the wife, after deducting the judgment lien against the wife.[1] These figures constitute the

---

[1] These figures reflect a deduction from the sales price for costs of sale, trustee's fee, and their homestead exemptions.

"best interest" amount for each debtor.

The husband has only one unsecured creditor – Compass Bank. His wife is jointly liable on this debt. Compass Bank filed a claim in the amount of $13,515.69. The wife's unsecured debts exceed $30,000.

The debtors filed a plan proposing to pay the debt to Compass Bank in full and $7,500 pro rata to the wife's unsecured creditors. The debtors arrive at that pro rata figure as follows.

For purposes of this objection, the parties stipulate that the wife's unsecured debts excluding Compass Bank total $30,009.65. However, in brief, the debtors estimate that the wife's unsecured debts including Compass Bank total $33,529.36. Assuming the second figure, the debtors calculate that the wife's unsecured creditors are entitled to a dividend of 37.09% ($12,435/$33,529.36). The debtors then subtract the Compass Bank debt from $33,529.36 to arrive at $20,013.67. The debtors then apply the 37.09% to $20,013.67 to arrive at $7,500.

The trustee contends that $7,500 does not meet the "best interest of creditors" test set forth in 11 U.S.C. § 1325(a)(4). The trustee contends that the wife must devote $12,435 toward payment of her unsecured debts (excluding Compass Bank).

Conclusions of Law

11 U.S.C. § 1325(a) requires the court to confirm a chapter 13 plan if, *inter alia*,

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

Case 06-30424   Doc 28   Filed 08/25/06   Entered 08/25/06 10:57:57   Desc Main
Document      Page 2 of 5

11 U.S.C. § 1325(a)(4).

Therefore, the issue is whether, under the proposed plan, unsecured creditors will receive at least as much as they would have received had this case been filed under chapter 7.

In a joint case, the estate of each debtor remains separate unless consolidated by the court. 11 U.S.C. § 302. In the instant case, the estates have not been consolidated. Therefore, a chapter 7 trustee would administer the estates separately.

A central purpose of the Bankruptcy Code is the "maximization of the value of the bankruptcy estate for the benefit of creditors." *Metropolitan Airports Comm'n v. Northwest Airlines, Inc. (In re Midway Airlines, Inc.)*, 6 F.3d 492, 494 (7th Cir. 1993). The chapter 7 trustee has a fiduciary duty to maximize distribution to creditors. *United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 730 (9th Cir. 1986). The trustee should "maximize the value of the estate so that the claims against the debtor are paid to the fullest extent possible." *Logan v. JKV Real Estate Servs. (In re Bogdan)*, 414 F.3d 507, 515 (4th Cir. 2005) (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352, 355, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985).

The husband has only one unsecured creditor – Compass Bank. Though he is jointly liable on the debt with his wife, he is also severally liable on the debt. His share of the equity in his home ($15,635) is more than sufficient to pay the debt ($13,515.69) in full. A chapter 7 trustee would pay the debt from his equity without looking to any of the assets in his wife's estate. This result is dictated by the fundamental policy of maximizing the value of the estates for the benefit of creditors.

The instant plan proposes to pay the debt of Compass Bank in full. To that extent, it complies with the best interest of creditors test. The question then arises – what would the unsecured creditors of the wife receive in a joint chapter 7 case?

3

In effect, the wife is proposing to limit creditors to the percent they would receive from her estate if her husband were not paying the claim of Compass Bank in full. In other words, unsecured creditors are not benefitting under her plan from the husband's payment of this claim by receiving a greater percentage payment from her estate.

However, section 727 does not adopt a percentage payout scheme. To the contrary, to the extent proceeds are available, allowed claims must be paid in full in the order of priority fixed by the Code. The debtor is the last priority and is not entitled to any distribution until all allowed claims are paid in full.

The distribution scheme proposed by the debtors would allow the wife to retain nonexempt assets without paying unsecured creditors in full. Therefore, it incorrectly calculates what would be distributed to unsecured creditors in a chapter 7 case.[2] The result is an enrichment to the wife at the expense of her creditors.

The debtor argues that nothing in 11 U.S.C. § 1325(a)(4) allows the exclusion of joint debts in calculating a best interest figure. However, section 1325(a)(4) merely adopts the distribution scheme of chapter 7 as the standard for determining the minimum that unsecured creditors must receive in a chapter 13 case. As stated previously, the debtor's proposal is inconsistent with that scheme.

Conclusion

The court concludes that because a chapter 7 trustee would pay the Compass Bank debt in full from the husband's estate, the debt should not

---

[2] In addition, it produces a greater disparity of payment among unsecured creditors. Compass Bank, an unsecured creditor, is being paid in full at 100%. Under the debtors's proposal, the wife's other unsecured creditors would receive a 37.09% distribution. Under the trustee's proposal, the wife's other unsecured creditors would receive a 62% distribution ($12,435 divided by $20,013.67).

4

be included in a hypothetical distribution of the wife's estate. Including the debt would not maximize the value of the estates for the benefit of creditors. The plan does not meet the "best interest of creditors test" set forth in 11 U.S.C. § 1325(a)(4).

Therefore, confirmation of the instant plan is DENIED, and this case is DISMISSED effective 20 days from the date of this order unless the debtor amends the plan consistent with this order.

Done this 24th day of August, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
Earl Gillian, Jr., Attorney for Debtors
Curtis C. Reding, Trustee